**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FELLOWES, INC., | |
|               **Plaintiff,** | |
|     **v.** | |
| ACCO BRANDS CORP., | |
|             **Defendant.** | **Case No 10 C 7587**<br>**Case No. 11 C 4229** |
| FELLOWES, INC., | **Hon. Harry D. Leinenweber** |
|               **Plaintiff,** | |
|     **v.** | |
| ACCO BRANDS CORP., and ROYAL APPLIANCE MFG. CO. d/b/a TTI FLOOR CARE NORTH AMERICA, and TECHTRONIC INDUSTRIES CO. LTD., | |
|              **Defendants.** | |

**MEMORANDUM OPINION AND ORDER**

At issue in this ruling are the fate of two patent infringement actions that this Court has previously found to be related. Plaintiff Fellowes, Inc. (hereinafter, "Fellowes") seeks to consolidate these cases. Defendants in the later-filed case, Techtronic Industries Co. Ltd. and Royal Appliance Manufacturing Co., doing business as TTI Floor Care North America, (hereinafter, collectively, "Royal") oppose consolidation and instead seek their

dismissal from the case or to sever and transfer the action against them to the Northern District of Ohio.  For the reasons stated herein, Royal's Motion to Dismiss, or in the Alternative, to Sever and Transfer the claims against it in Case No. 11 C 4229, is granted.  The claims against Royal are transferred to the Northern District of Ohio.  Fellowes' Motion to Consolidate Case No. 10 C 7587 with Case No. 11 C 4229 is granted in part, and all claims against remaining Defendant ACCO Brands Corp. (hereinafter, "ACCO") are consolidated.

## I.  <u>BACKGROUND</u>

This ruling involves a tangled thicket of four cases in two jurisdictions involving three manufacturers of paper shredders. First, in November 2010, Royal brought a declaratory judgment action against Fellowes in the Northern District of Ohio, Case No. 10 C 2604 (hereinafter referred to as "Royal 1").  In that case, Royal sought a declaratory judgment of invalidity and non-infringement of a Fellowes patent, the '822 patent, which relates to technology meant to prevent jams in paper shredders.  Fellowes unsuccessfully sought a stay of that litigation pending reissue of its patent.

Subsequently, the U.S. Patent and Trademark Office issued the '468 patent, which is a continuation of the '822 patent with additional claims.  Just after midnight on the day that patent issued, June 21, 2011, Royal filed a second declaratory judgment in

the Northern District of Ohio, seeking a declaration of invalidity and non-infringement of that patent in Case No. 11 C 1276 (hereinafter, "Royal 2.")  Royal acknowledges that it did so because it wanted the dispute over the anti-jam technology to remain in the Northern District of Ohio.

Later that same day, on June 21, 2011, Fellowes filed a Complaint in this Court against Royal and ACCO Brands Corp.  That suit, Case No. 11 C 4229, which was initially assigned to Judge Gary Feinerman, accuses both companies of infringing the '468 patent (hereinafter, "Fellowes 2").  (Fellowes 1 is discussed below.)  After Royal moved to sever or dismiss it from that case, Fellowes subsequently amended its Complaint to allege that ACCO also has infringed the '822 patent.  (Fellowes and Royal dispute whether this amendment was timely, but that issue is ultimately immaterial to resolving the present dispute.)

Previously, Fellowes had filed suit against ACCO accusing it of infringing four other patents — the '823, the '954, the '009, and the '293.  These patents relate to anti-jam technology, shredder bin level sensing, or shredder ergonomics.  In that suit, Case No. 10 C 7587, which was assigned to this Court, only ACCO was named as a defendant (hereinafter, "Fellowes 1").

In August 2011, this Court entered a finding of relatedness between Fellowes 1 and 2, and Fellowes 2 was reassigned from Judge Feinerman's docket to that of this Court.  Fellowes seeks to

consolidate Fellowes 1 and 2.  ACCO does not oppose this move, provided that the scheduling order is modified so that its disclosures do not have to proceed on a pace faster than that set out in the Local Patent Rules.  Royal opposes consolidation and maintains that the claims against it should be heard by the federal court in Ohio.  The Court must now determine whether the cases should be consolidated, and if so, whether Royal should remain in the case or if the claims against it should be severed and transferred to the Northern District of Ohio.

In the Ohio cases, Royal has moved to consolidate Royal 1 and Royal 2, while Fellowes has asked the court to consolidate those cases and transfer them to this Court.  According to the parties, Judge Donald C. Nugent, presiding over the Ohio cases, has indicated a desire to wait and see how this Court rules on the pending motions.

After this motion was fully briefed, an additional wrinkle was added when Fellowes filed another suit against Royal in this Court, No. 11 C 6565 ("Fellowes 3"), which alleges that certain Royal products infringe its '796 patent, which is a patent concerning "anti-jitter technology" in paper thickness detectors.  This case is pending before Judge Virginia M. Kendall.  This Court requested and received supplemental briefing from the parties as to the impact of Fellowes 3 on the instant actions.

- 4 -

Royal's position is that Fellowes 3 should have no impact on the pending motion because there is relatively little efficiency to be gained by consolidating the claims against Royal and ACCO into a single, unwieldy proceeding.  Royal intends to move to transfer Fellowes 3 to the Northern District of Ohio for the same reasons it has moved to transfer the present case.

Fellowes' position is that Fellowes 3 provides even more support for its position that the cases against ACCO and Royal should be heard as one consolidated action before this Court.  The '796 patent in Fellowes 3, it contends, has the same inventor as the '468 patent, Tai Matlin ("Matlin").  Two of the same Royal shredder models that are accused of infringing the '468 patent in Fellowes 2 also are accused of infringing the '796 patent in Fellowes 3.

Ultimately, however, while these similarities might support consolidating Fellowes 3 with the pending actions against Royal, this Court is not being asked to decide that issue, and could not, as that case is pending before another judge.  The real question before this Court is the efficiency that would be gained from hearing Fellowes' claims against ACCO and Royal in a single, consolidated proceeding.

For reasons the Court will explain subsequently, the Court agrees with Royal that the best resolution is for the dispute between Fellowes and Royal to proceed in the Northern District of

Ohio while the dispute between Fellowes and ACCO continues in one consolidated case before this Court.

## II. <u>ANALYSIS</u>

### A.  Royal's Motion to Dismiss or Transfer Fellowes 2

#### *1. Legal Standard*

The Court will first consider Royal's Motion to Dismiss or Transfer Fellowes 2.  Royal argues that the action against it should be dismissed based on the "first-to-file rule."  This rule addresses the question of under what circumstances a declaratory judgment action over patent validity should yield to a later-filed infringement suit.  *Serco Servs. Co. v. Kelley Co.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995).  It provides that the first action filed is preferred, even if it is a declaratory judgment action, unless considerations of judicial economy dictate otherwise.  *Genentech, Inc. v. Eli Lily & Co.*, 998 F.2d 931, 937-38 (Fed. Cir. 1993), *abrogated in part on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).  The first-to-file rule directs that the court presiding over the later-filed suit involving the same parties and issues should either transfer, stay, or dismiss that suit.  *USA Scientific, LLC v. Rainin Instrument*, LLC, No. C 06 4651, 2006 WL 3334927, at *1 (N.D. Cal. Nov. 16, 2006).  The Court notes that there is some authority holding that the Court of the first-filed action should decide which case should proceed, *see Kimberly-Clark Corp. v. McNeil-PPC, Inc.*, 260 F.Supp.2d 738 (E.D. Wis. 2003), but

- 6 -

since neither Judge Nugent nor the parties object to this Court's ruling on the proper venue, it will do so.

Because the Court declines to dismiss any portion of Fellowes 2, it will address Royal's alternative argument that it should be severed from the case, with the claims against it transferred to the Northern District of Ohio.

The first-to-file doctrine is strongly favored by the Federal Circuit, and Federal Circuit law applies to the issue of venue disputes when two actions involve related questions of patent infringement. *21 srl v. Newegg Inc.*, No. 09 C 6590, 2010 WL 1178066, *2 (N.D. Ill. March 24, 2010); *Bajer Design & Mktg., Inc. v. Whitney Design, Inc.*, No. 09 C 1815, 2009 WL 1849813, at *4 (N.D. Ill. June 26, 2009). However, the Federal Circuit has recognized exceptions to the first-to-file rule when there is a "sound reason that would make it unjust or inefficient to continue that first filed action." *Elec. for Imaging, Inc., v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (quoting *Genentech*, 998 F.2d at 937–38). In deciding whether to apply the rule, the district court should consider whether a party filed a declaratory judgment action in order to preempt its opponent's infringement suit. *Elec. for Imaging*, 394 F.3d at 1347. It also should consider the convenience and availability of witnesses, jurisdiction over necessary or desirable parties, and the possibility of consolidating related litigation. *Id.* at 1347-48. Generally speaking, these are the

convenience factors that go into determining whether to transfer an action under 28 U.S.C. § 1404(a). *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008); *see* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

### 2.  Analysis

The Court finds that the first-to-file rule carries some weight in this case.  This does not appear to be a case in which the alleged infringer filed its declaratory judgment action in bad faith in order to preempt the patentee's choice of forum.  Fellowes derisively refers to the filing of Royal 2 in Ohio as a "midnight escapade" in forum shopping and urges the Court to view this as a bad faith anticipatory filing.  But it bears noting that at the time Royal filed its declaratory judgment action over the '468 patent, a dispute between Royal and Fellowes over a predecessor to that patent that had been pending in the Northern District of Ohio for more than seven months.

If anything, the Court is inclined to agree with Royal that Fellowes is attempting to use Fellowes 1, a case in which Royal is not a party, in an attempt to tie Royal to this venue.  Regardless, both parties acted strategically in determining when and where to file their respective suits.  It remains for this Court to

determine where they should be heard based on the interests of justice and convenience of the parties and the witnesses.

As a preliminary matter, the Court notes that Royal was misjoined in Fellowes 2. Royal and ACCO are competitors in the paper-shredder industry and are accused of selling different products that separately infringed on Fellowes' patents. There is no connection between the two companies. Under FED. R. CIV. P. 20(a), a plaintiff may join defendants in the same action where the claims against them arise from the same transaction or occurrence and present common questions of law or fact. Courts within this district have consistently found this requirement is not met where the plaintiff accuses unrelated defendants of independently infringing the same patent. *See, e.g.*, *Rudd v. Lux Prod. Corp.*, No. 09 C 6957, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011) ("Simply alleging that Defendants manufacture or sell similar products does not support joinder under Rule 20"); *Magnavox Co. APF Elec., Inc.*, 496 F.Supp. 29, 34 (N.D. Ill. 1980) (same).

Fellowes recognizes this rule, but contends that even if Royal was misjoined in Fellowes 2, it should not be severed because efficiency dictates that the claims against ACCO and Royal be joined, at least for discovery. *See Magnavox*, 496 F.Supp. at 34. But this efficiency argument is undermined by the fact that it is unclear how similar the ACCO and Royal products are, beyond the

fact that they allegedly infringe two of the same patents.  *See ThermaPure, Inc. v. Temp-Air, Inc.*, No. 10 C 4724, 2010 WL 5419090, at *5.

In light of this, the Court must consider whether severance and transfer are warranted based on the same factors that go into the decision of whether to transfer a case pursuant to 28 U.S.C. 1404(a):  (1) the convenience and availability of witnesses; (2) absence of jurisdiction over all necessary or desirable parties; (3) possibility of consolidation with related litigation; (4) and considerations of justice.  *Micron Tech.*, 518 F.3d at 904-05.  (The Court will consider the transfer factors as they have set out by the Federal Circuit, rather than the Seventh Circuit, because Federal Circuit procedure applies to venue disputes such as this.)

a.  *Convenience and Availability of Witnesses*

Royal, a cleaning products company, is headquartered in Glenwillow, Ohio, which is located in the Northern District of Ohio.  It is a subsidiary of Techtronic Industries Co., headquartered in Hong Kong.  Fellowes, a maker of office products, is headquartered in Itasca, within the Northern District of Illinois.  ACCO, also an office products company, is based in Lincolnshire, also within the Northern District of Illinois.

The inventors of the '468 patent at issue in Fellowes 2 are Matlin and Eric Gach ("Gach").  Matlin is a Fellowes employee based in Itasca, while Gach is not a Fellowes employee, but is located

within the Northern District of Illinois, according to an affidavit from Steven Carson ("Carson"), General Counsel for Fellowes. Matlin and Gach also are inventors of the '823 and '822 patent, which according to Carson have the same written description and same drawings as the later '468 patent.  Fellowes asserts that if the case is bifurcated, non-parties like Gach would be hard-pressed to attend voluntarily a trial in Ohio.  Fellowes also asserts that it may need technical specifications from the Underwriters Laboratory ("UL") in order to identify the infringing shredders.

Fellowes contends that most of Royal's technical, manufacturing, and financial documents are located in Hong Kong at the headquarters of its parent company, Techtronic, and that many of its potential employee witnesses would be coming from Asia, not Ohio.  Royal counters with an affidavit from its General Counsel, Mary Schoening ("Schoening"), asserting that the four employees who have done most of the design work on the shredders at issue in this case are based at the Glenwillow facility.  Schoening asserts that design documents and sales, marketing, and financial documents related to the shredders are located in Glenwillow.  Although there are some relevant shredder development documents originating in China, these also are available in Glenwillow, Schoening asserts. Royal also argues, correctly, that the location of UL is largely irrelevant because Royal will have to provide the specifications of

its shredders in response to discovery requests, and because Fellowes can easily subpoena any other needed documents from UL.

On the whole, the Court finds that this factor favors transfer to the Northern District of Ohio.  With the exception of the alleged sale of the shredders in this district, the events that gave rise to Royal's potential liability occurred in the Northern District of Ohio.  *See, e.g., Cooper Bauck Corp. v. Dolby Labs., Inc.,* No. 05 C 7063, 2006 WL 1735282, at *5 (N.D. Ill. June 19, 2006) ("[I]n patent infringement cases, the location of the infringer's principal place of business is often the critical and controlling consideration because such suits often focus on the activities of the alleged infringer, its employees, and its documents, rather than upon those of the plaintiff.") (internal quotation marks and citations omitted)).  While it is unclear whether Gach would voluntarily attend a trial in Ohio, his testimony could be presented through other means, such as a videotaped deposition.  Moreover, the other inventor, Matlin, is a Fellowes employee and would likely voluntarily attend such a trial.

Fellowes argues that its cost to litigate in Ohio will be significantly higher than it would be if the cases were consolidated and heard here.  This is no doubt true, but either Fellowes or Royal is bound to be inconvenienced.

- 12 -

b. *Absence of Jurisdiction over Necessary Parties*

There is no suggestion that either this district or the Northern District of Ohio lack jurisdiction over either Fellowes or Royal; in fact, the pending lawsuits show otherwise.  While Fellowes devotes some energy in its briefing to discussing how ACCO would be inconvenienced by a transfer, it is clear that the claims against ACCO should not be transferred and the Court can see no reason why ACCO's presence would be required at a trial of the claims against Royal.  Given this, the Court cannot agree with Fellowes' assertion that ACCO's inclusion in the case "seals the deal in favor of keeping the case in Illinois." Pl.'s Opp. to Mot. to Dismiss, at 9.  That simply is not correct when Fellowes has shown no connection between ACCO and Royal and there are two related, pending lawsuits involving Royal and Fellowes in the Northern District of Ohio.

c. *Possibility of Consolidation with Related Litigation and Considerations of Justice*

It is clear that in the long-term, Fellowes wants all five pending lawsuits to be heard in a single case before this Court. That would result in one case in which twenty-one ACCO products are accused of infringing six patents, while four Royal shredders are accused of infringing three patents.  In the related cases pending before this Court, Royal is accused of infringing the '822 and '468 patents, which involve anti-jam technology.  ACCO is accused of

- 13 -

infringing those patents (and another anti-jam patent, the '823) as well as three patents involving different shredder technology.

Fellowes argues that efficiency dictates that the case against Royal proceed here because the case against ACCO will proceed here regardless, and there may be duplicative efforts by the courts in regard to the three related anti-jam patents.  Royal, on the other hand, maintains that consolidating Fellowes 1 and 2 will result in a needlessly complicated case.  Royal also contends that it will be prejudiced by consolidation given that far more accused ACCO products are involved.

The Court recognizes that maximum efficiency could be reached by one suit in which the claims of the '468 patent would be have construed only once. (The Court notes that the parties apparently have agreed that no terms of the '822 patent need to be construed, leaving only the '468 patent as a common link between ACCO and Royal.)

But what would be gained in efficiency would come at the expense of fairness to an Ohio litigant that filed a declaratory judgment action in Ohio seeking to resolve these issues seven months prior to the filing of Fellowes 1.  Further, while it is true that the claims against ACCO and Royal involve two of the same patents, this Court is not convinced that the infringement issues against ACCO and Royal are so similar as to "make it unjust or inefficient to continue the first-filed action." *Genentech*, 998

- 14 -

F.2d at 937—38; *see The Fox Grp., Inc. v. Cree, Inc.*, 749 F.Supp.2d 410, 416 (E.D. Va. 2010) (severing suit against two unrelated infringers of the same patents and transferring the action involving one alleged infringer to the Southern District of New York, where it had previously filed a declaratory judgment action). Additionally, patent holders often bring claims of infringement against different parties in different jurisdictions.  When the cases present the same issues, any inconsistencies could be resolved either by the second court adopting the relevant findings of the first court, or, as a last resort, through an appeal to the Court of Appeals for the Federal Circuit.  *See Pergo, Inc. v. Alloc, Inc.*, 262 F.Supp.2d 122, 133 (S.D.N.Y. 2003).

The reasoning of *Pergo* is applicable to the instant case.  In *Pergo*, the owner of a flooring patent sued several competitors for infringement in the Southern District of New York.  *Id.* at 123—24. One group of defendants sought to sever and transfer the claims to the Eastern District of Wisconsin, where those defendants were located and where they had previously filed an action raising the same factual issues.  *Id.* at 124.  Another set of defendants sought transfer to the Northern District of Georgia, where defendants were based.  *Id.*  In granting the motions to transfer, the court noted that the operative facts relating to the infringement originated in the respective districts where the defendants were headquartered. *Id.* at 129-30.  The *Pergo* court rejected Plaintiff's argument that

- 15 -

severance could result in inconsistent judgments, finding that the force of that argument was lessened where different products were at issue.  *Id.* at 133.  The same is true in this case.  Fellowes argues that *Pergo* is distinguishable because the Plaintiff in that case filed suit outside its home state.  The Court might find that to be a persuasive argument, had Royal not first filed a declaratory judgment action in its home state, Ohio.  *See Mastercard Int'l, Inc. v. Lexcel Solutions*, No. 03 Civ. 7157, 2004 WL 1368299, at *8 (S.D.N.Y. June 16, 2004) (holding that while a plaintiff's choice of form is typically entitled to a "heavy presumption," that is rebutted by the application of the first-filed rule).  For these reasons, the Court finds that it is appropriate to sever the claims against Royal in Fellowes 2 and transfer them to the Northern District of Ohio.

### B.  Fellowes' Motion to Consolidate Fellowes 1 and 2

Next, the Court finds that Fellowes 1 and the claims against ACCO in Fellowes 2 should be consolidated.  Under FED. R. CIV. P. 42(a), actions may be consolidated if they involve common questions of law and fact.  Whether to consolidate cases is within the sound discretion of the trial court.  *Pactiv. Corp. v. Multisorb Techs., Inc.*, No. 10 C 461, 2011 WL 686813, at *1 (N.D. Ill. Feb. 15, 2011).  The two cases involve the same parties and three patents, the '822, '823, and the '468, which are related. Additionally, the Court notes that ACCO and Fellowes have indicated

that they will be able to agree on a disclosure schedule in the event of consolidation.  As such, the Court orders that Fellowes 1 and the claims against ACCO in Fellows 2 be consolidated into a single proceeding.

### III.  <u>CONCLUSION</u>

For the reasons stated herein, the Court rules as follows:

1.  Royal's Motion to Dismiss, or in the Alternative, to Sever and Transfer, filed in Case No. 11 C 4229, is granted.  The claims against Royal are transferred to the Northern District of Ohio.

2.  Fellowes' Motion for Consolidation Pursuant to FED. R. CIV. P. 42, filed in Case No. 10 C 7587, is granted in part.  The claims against ACCO in Case No. 11 C 4229 shall be consolidated with Case No. 10 C 7587.

**IT IS SO ORDERED.**


_____
    Harry D. Leinenweber, Judge
    United States District Court

**DATE:** 11/10/2011

- 17 -